STATE OF MICHIGAN

# Attorney Discipline Board

FILED
ATTORNEY DISCIPLINE BOARD

2024-Feb-08

GRIEVANCE ADMINISTRATOR,
Attorney Grievance Commission,

    Petitioner,

v                                      Case No.  23-3-GA

VALERIE A. MORAN, P 56498,

    Respondent.
_____/

**ORDER VACATING ORDER SUSPENDING RESPONDENT'S
LICENSE PURSUANT TO MCR 9.115(H)(2)**

Issued by the Attorney Discipline Board
Tri-County Hearing Panel #70

On February 1, 2024, this panel issued an Order Granting Emergency Motion to Adjourn, Suspending Respondent's License Pursuant to MCR 9.115(H)(2), Allowing the Filing of a Supplemental Exhibit List, and Scheduling Misconduct Hearing.  Pertinent to the instant order are the following excerpts from the panel's February 1, 2024 order:

> Although respondent did in fact appear for the January 25, 2024 virtual hearing, she told the panel that her current medical condition prevents her from safely participating in the hearings scheduled in this matter.  However, she also informed the panel that she would proceed with the hearing against medical advice rather than be suspended under MCR 9.115(H)(2).  The hearing panel does not want to put respondent's health at further risk.  Based on the documentation and representations before the panel, it is clear that her medical providers have told her not to read or use her computer.  Following this advice, she argues, will preclude her from defending herself in these proceedings.  Logically, then, she will not be able to monitor her mail and email, respond to correspondence from clients or tribunals, prepare and respond to pleadings, motions, etc.  In short, the incapacity which prevents her from appearing in these proceedings must prevent her from practicing law, and a non-disciplinary suspension would be appropriate under MCR 9.115(H)(2).
>
> If respondent's condition has changed, the advice of her medical providers has been updated, or if respondent has found a way to safely appear before us and to practice (perhaps with the assistance of others on a regular basis), she may file a motion with the panel setting forth the circumstances she believes have alleviated the incapacity as is ordered below.
>
> In order to facilitate the orderly transition of respondent's status from that of an actively licensed practitioner to one suspended for non-disciplinary reasons and on an interim basis due to incapacity claimed under MCR 9.115(H)(2), this order shall become effective on the date set forth herein below.

.            .            .

**IT IS FURTHER ORDERED** that, for non-disciplinary reasons and in accordance with MCR 9.115(H)(2), respondent's license to practice law in Michigan is **SUSPENDED**, **EFFECTIVE FEBRUARY 8, 2024**, and until further order of the hearing panel or the Attorney Discipline Board.

.            .            .

**IT IS FURTHER ORDERED** that respondent may file a motion to vacate the non-disciplinary interim suspension of her license to practice law, if she is able to provide the hearing panel with medical documentation evidencing that her medical condition is resolved and/or that she can now safely participate in these proceedings.

On February 7, 2024, respondent filed a Motion to Vacate Interim Suspension (Not Yet In Effect per Written Order) Permissible as per Order of Board Dated February 1, 2024.  Exhibit 1 of respondent's motion is a letter from Amelia Mancini, PA-C, of Prism Medical Group who released respondent to return to work without restrictions.

The panel has considered respondent's motion and the medical information provided through her motion's exhibits; and, being otherwise fully advised,

**NOW THEREFORE**,

**IT IS ORDERED** that the provision of the panel's February 1, 2024 order suspending respondent's license to practice law in Michigan on a non-disciplinary and interim basis pursuant to MCR 9.115(H)(2), effective February 8, 2024; and the susbsequent provisions directing respondent to comply with the various requirements of MCR 9.119, are **VACATED**.

**IT IS FURTHER ORDERED** that all other provisions of the panel's order remain the same and that the misconduct hearing scheduled **Wednesday, February 28, 2024**, and **Wednesday, March 6, 2024**, commencing each day at 9:00 am, will proceed.

**ATTORNEY DISCIPLINE BOARD**
Tri-County Hearing Panel #70

By:   /s/ Howard I. Wallach
      Chairperson

Dated:  February 8, 2024